Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000688
29-JUN-2017
08:42 AM

NO. CAAP-16-0000688

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CHRISTOPHER MESSER, Plaintiff-Appellant,
v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP,
Defendant/Third-Party Plaintiff/
Third-Party Counterclaim Defendant-Appellee,
v.
GOTO CONSTRUCTION, INC.,
Third-Party Defendant/Third-Party Counterclaimant-Appellee,
and
JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5;
DOE PARTNERSHIPS 1-5; DOE ENTITIES 1-5;
DOE GOVERNMENTAL UNITS 1-5, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0435)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record in CAAP-16-0000688, it appears that this court lacks appellate jurisdiction over the appeal. Plaintiff-Appellant Christopher Messer (Appellant) appeals from the Final Judgment, filed on September 23, 2016, in the Circuit Court of the First Circuit.

HRS § 641-1(a) (1993 & Supp. 2015) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008).

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (emphasis added).

> For example: 'Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." . . . . If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4. When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawaiʻi noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and

-2-

> we should not make such searches necessary by allowing
> the parties the option of waiving the requirements of
> HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (original emphasis).

The September 23, 2016 Final Judgment did not, on its face: identify Appellant's claims and resolve them in favor of Bishop Estate and against Appellant; resolve Bishop Estate's third-party claims against Goto Construction in favor of and against particular parties; identify Goto Construction's counterclaim against Bishop Estate or resolve the counterclaim in favor of and against particular parties; or dismiss all remaining claims, third-party claims, or counterclaims as to all parties.

The September 23, 2016 Final Judgment is not a final appealable judgment or order because it does not comply with HRCP Rule 58 and Jenkins, and this court lacks appellate jurisdiction over the appeal.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2017.

Presiding Judge

Associate Judge

Associate Judge

- 3 -